UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DAWN MALYN TOMLINSON,

      Plaintiff,

v.

ROAD RUNNER MOVING AND STORAGE INC,
Y & O MOVING CONSULTING SERVICES LLC
D/B/A ROAD RUNNER MOVING AND STORAGE,
Y & T ENTERPRISE LLC D/B/A
ROUTE 66 MOVING & STORAGE,
YOSSI WISMAN A/K/A YOSI WIZMAN,

      Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, DAWN MALYN TOMLINSON, brings this action against Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING & STORAGE, and YOSSI WISMAN A/K/A YOSI WIZMAN, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff DAWN MALYN TOMLINSON was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through, among other activity, interstate communication with customers.

4. At all times material hereto, Defendant, ROAD RUNNER MOVING AND STORAGE INC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. At all times material hereto, Defendant, Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING & STORAGE, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of moving services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

7. Defendant, YOSSI WISMAN A/K/A YOSI WIZMAN, is a resident of Miami-Dade County, Florida and was, and now is, a manager of Defendants, ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, AND Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING & STORAGE, controlled Plaintiff's duties, hours worked, and compensation, and managed the day-to-day operations of ROAD RUNNER MOVING AND STORAGE INC, Y & O MOVING

CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE, AND Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING & STORAGE. Accordingly, YOSSI WISMAN A/K/A YOSI WIZMAN was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8. Defendants, ROAD RUNNER MOVING AND STORAGE INC and Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING & STORAGE, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

9. Defendants, ROAD RUNNER MOVING AND STORAGE INC and Y & O MOVING CONSULTING SERVICES LLC D/B/A ROAD RUNNER MOVING AND STORAGE and Y & T ENTERPRISE LLC D/B/A ROUTE 66 MOVING & STORAGE, were joint employers of Plaintiff, under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

10. Two or more of Defendants' employees handled tools, supplies, and equipment manfuactured outside Florida in furthernace of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

11. Plaintiff DAWN MALYN TOMLINSON worked for Defendants as a sales representative.

12. Defendants failed to pay Plaintiff's full and proper overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each week.

13. Defendants failed to pay Plaintiff's full and proper minimum wages for certain hours worked during Plaintiff's employment.

14. Attached as <u>Exhibit A</u> is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

15. Defendants have knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

16. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

17. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

18. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-17 above as if set forth herein in full.

19. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

20. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:     (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791